Submitted on record and briefs April 7, convictions for first-degree rape and first-degree criminal mistreatment reversed; remanded for resentencing; otherwise affirmed May 10, 2006

STATE OF OREGON,
*Respondent,*

*v.*

GUY MARIO ODDO,
*Appellant.*

0202314CR; A123115

135 P3d 344

James N. Varner filed the brief for appellant.

Guy M. Oddo filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant was convicted of first-degree rape, ORS 163.375, two counts of first-degree criminal mistreatment, ORS 163.205, two counts of second-degree custodial interference, ORS 163.245, and two counts of perjury, ORS 162.065. On appeal, defendant asserts that the trial court erred in denying his motion for judgments of acquittal on the rape and criminal mistreatment charges.[1] The state concedes that defendant's motion should have been granted. As explained below, we find the state's concession to be well-founded, and therefore reverse in part and affirm in part.

The first-degree rape count alleged that defendant knowingly engaged in sexual intercourse with the victim, who was "incapable of consent by reason of mental incapacitation[.]" The state's evidence demonstrated that the adult victim, who lived with defendant and had several children with him, suffered from mild mental retardation. Defense counsel argued in support of a motion for judgment of acquittal that the state had not based the rape count on "mental defect," but upon "mental incapacitation," and argued that no evidence had been presented of "mental incapacitation." The state responded that its evidence established "mental incapacitation" by way of "brainwashing." The trial court denied defendant's motion.

ORS 163.375(1) provides, in part:

"A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"* * * * *

"(d)  The victim is incapable of consent by reason of mental defect, *mental incapacitation* or physical helplessness."

(Emphasis added.)

ORS 163.305(4) provides, in turn, the following definition:

---

[1] In a supplemental *pro se* brief, defendant makes additional assertions that we reject without discussion.

" 'Mentally incapacitated' means that a person is rendered incapable of appraising or controlling the conduct of the person at the time of the alleged offense because of the influence of a controlled or other intoxicating substance administered to the person without the consent of the person or because of any other act committed upon the person without the consent of the person."

In *State v. Callender*, 181 Or App 636, 645, 47 P3d 514, *rev den*, 334 Or 632 (2002), we noted that ORS 163.305(4) concerns mental incapacity that "is caused by an extrinsic agent or event and, typically, is temporary." Here, the state presented no such evidence of any extrinsic agent or event that caused mental incapacity, temporary or otherwise, in the victim. Rather, the state's evidence focused on the victim's developmental delays. If the state intended to prove that the victim was unable to consent due to her developmental delays, it should have alleged "mental defect," *see* ORS 163.305(3), rather than "mental incapacitation."[2] The trial court erred in denying defendant's motion for a judgment of acquittal on the first-degree rape charge.

In the first criminal mistreatment charge, the state alleged that defendant, having assumed the care, custody, and responsibility for the supervision of the same victim alleged in the rape charge, knowingly withheld "necessary and adequate medical attention" from her. In the second criminal mistreatment charge, the state alleged that defendant, having assumed the care, custody, and responsibility for the supervision of his infant son, knowingly withheld "necessary and adequate medical attention" from him. The state, however, presented no evidence that either alleged victim actually was in need of medical attention. Consequently, as the state now acknowledges, the trial court erred in denying defendant's motion for judgments of acquittal on those charges, as well.

Convictions for first-degree rape and first-degree criminal mistreatment reversed; remanded for resentencing; otherwise affirmed.

---

[2] ORS 163.305(3) provides that "mentally defective means that a person suffers from a mental disease or defect that renders the person incapable of appraising the nature of the conduct of the person."